UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of: ) | Case No. 08 CV 06669 |
| JASON DERICK LEE, d/b/a ) | |
| "FIN SEEKER CHARTERS", ) | Judge John W. Darrah |
| as owner of the vessel "FIN SEEKER" for ) | |
| Exoneration from or Limitation of Liability. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Jason Derick Lee ("Lee"), the owner of "Fin Seeker Charters," filed an Amended Complaint for exoneration from or limitation of liability regarding an occurrence on Lake Michigan, which led to the sinking of the vessel "Fin Seeker." James P. Emma, Gail Bureke, W. Brian Lavalliere, Gary Grandgeorge, and Cynthia Vacek (collectively, "Movants") were all passengers on "Fin Seeker" at the time of the event and move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 26 and 28). For the reasons stated below, the motion is granted.

## FACTS

The following facts are alleged in Lee's Amended Complaint. Lee is the sole proprietor of "Fin Seeker Charters" and the owner of "Fin Seeker," a 1988 Model Sportscraft Pesca that is 36 feet in length and weighs 17 gross tons. (Complaint, ¶¶ 2 and 3.) "Fin Seeker" was docked in Harbor Place, Waukegan, Illinois. (Complaint, ¶ 2.) On May 30, 2008, Lee sailed from the harbor with six passengers, including all of the Movants, into Lake Michigan. (Complaint, ¶ 5.) During the course of the voyage, the vessel encountered eight-to-ten foot waves. (Complaint, ¶ 6.) The "Fin Seeker" was about two-and-a-half miles east and one mile south of Waukegan Harbor when it encountered a "rogue wave of at least 15 feet." (Complaint, ¶ 6.) This wave

1

damaged the vessel, and Lee contacted the United States Coast Guard for assistance. (Complaint, ¶ 6.) The vessel took on water and sank within thirty minutes. (Complaint, ¶ 6.) "Fin Seeker" is at the bottom of Lake Michigan about 2.3 miles from Waukegan Harbor and is under 65 to 70 feet of water. (Complaint, ¶ 9.) Fortunately, Lee and the passengers survived.

## LEGAL STANDARD

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations of the complaint, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). However, "it is not enough for a complaint to avoid foreclosing possible bases of relief; it must suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 545).

## ANALYSIS

Lee seeks, in this action, to limit his liability as the owner of "Fin Seeker" for the incident that led to the sinking of his vessel to the value of his vessel. He relies on a section of the Limitation of Shipowner's Liability Act to limit his financial liability to the value of his vessel. Title 46 U.S. Code provides, in pertinent part:

> § 30505. General limit of liability
>
> (a) In general. – Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

46 U.S.C. § 30505. Subsection (b) explains that an owner can escape liability only if the event occurred without his "privity or knowledge." 46 U.S.C. § 30505. As captain of the ship and sole crew member, Lee had knowledge of the vessel and the events preceding the sinking of the vessel. Therefore, Lee's Amended Complaint, seeking protection solely as a vessel owner, fails because the event as pled occurred with his privity and knowledge as captain of the vessel.

Further, the Act does not apply to an individual as captain of the vessel even if the captain also owns the vessel. Title 46 of the U.S. Code provides, in pertinent part:

> § 30512. Liability as master, officer, or seaman not affected
>
> This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel.

46 U.S.C. § 30512. Section 30512 of title 46 is clear; Lee may not receive immunity from potential claims based on his actions as captain of the vessel because he was also the owner of the vessel.

In his Amended Complaint, Lee alleges that the sinking of the vessel was the result of a crushing wave. If Lee's allegations are taken as true - that the cause of the sinking was purely an act of God - Lee, as captain or owner, is not responsible. In *Joyce v. Joyce*, the Seventh Circuit opined that if a vessel owner was not negligent by entrusting his boat to another, then the vessel owner "will incur no liability for negligent entrustment and, consequently, has no need for the Act's protection." *Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir. 1992). Similarly, if Lee was not

negligent, then he has no need for the Act's protection. Therefore, the protection of 30505(a) is not applicable because there is no reason to limit his liability to the cost of the vessel.

Lee's allegations, even viewed in the light most favorable to him, cannot plausibly be viewed as a limitation of his liability as pled. If the sinking of "Fin Seeker" was due only to an act of God, as Lee alleges, then he would not require the protection of the Act, and his Amended Complaint is without merit. Therefore, the Amended Complaint fails to state a claim on the alleged facts and is dismissed. Movants' Motion to Dismiss Lee's Amended Complaint is granted.

## CONCLUSION

For the reasons stated above, the Movants' Motion to Dismiss is granted.

Date: October 14, 2009

JOHN W. DARRAH
United States District Court Judge